1
2
Douglas A. Linde, State Bar No. 217584 (dal@lindelaw.net)
Chant Yedalian, State Bar No. 222325 (cy@lindelaw.net)
THE LINDE LAW FIRM
3   9000 Sunset Blvd., Suite 1025
Los Angeles, CA 90069
4   (310) 203-9333
5   (310) 203-9233 FAX
Attorneys for Plaintiff
6   JESSICA CLARK

7

8

9

10                          NOTE: CHANGES MADE BY THE COURT

11

12                          **UNITED STATES DISTRICT COURT**
13
                            **CENTRAL DISTRICT OF CALIFORNIA**
14

15   JESSICA CLARK, on behalf of herself   )   Case No.: CV07-0197 RC
     and all others similarly situated,    )
16                                          )   **ORDER GRANTING FINAL**
                                            )   **APPROVAL OF SETTLEMENT OF**
17                      Plaintiff,          )   **CLASS ACTION AND ENTRY OF**
     v.                                     )   **JUDGMENT THEREON**
                                            )
18   STEIN MART, INC.; and DOES 1           )
     through 10, inclusive,                 )   **HEARING**
19                                          )   Date:  September 24, 2008
                        Defendants.         )   Time:  9:30 a.m.
20                                          )   Court Room:  23
                                            )   Judge: Hon. Rosalyn M. Chapman
21                                          )
22   _____   )

23

24

25

26

27

28

---

*CV07-0197 RC*                    ORDER GRANTING FINAL APPROVAL OF SETTLEMENT
                                  OF CLASS ACTION AND JUDGMENT THEREON

On May 21, 2008, this Court granted preliminary approval of the Settlement of the class action.  Among other things, the Order directed notice be sent to the Settlement Class members, established a deadline of August 15, 2008, for Settlement Class members to opt-out of the Settlement, established a deadline of August 15, 2008, for Settlement Class members to object to the proposed Settlement, and set a final approval and fairness hearing for September 24, 2008.

On September 2, 2008, the Parties filed a Motion for Final Approval of Settlement of Class Action ("Final Approval Motion").  Filed concurrently with the Final Approval Motion was the Declaration of Jacqueline Hitomi submitted on behalf of the Settlement Administrator, which set forth the Settlement Administrator's administration of the Settlement and the results of those efforts.

On September 24, 2008, this Court held a final approval and fairness hearing to consider whether to grant final approval of the proposed class action Settlement.

Having duly considered all objections filed, as well as all documents and arguments presented, IT IS HEREBY ORDERED, DECREED AND ADJUDGED AS FOLLOWS:

1.     The Court hereby grants final approval of the Settlement upon the terms and conditions set forth in the Stipulation of Settlement; provided, however, the Settlement Class is defined as set forth in paragraph 3 below, rather than as defined in the Stipulation of Settlement.  The Court finds that the terms of the Settlement are fair, reasonable, and adequate and comply with Rule 23(e) of the Federal Rules of Civil Procedure ("FRCP").

2.     The Court finds that, for purposes of approving the Settlement, the proposed Settlement Class meets all of the requirements for certification under FRCP Rule 23: (a) the proposed Settlement Class is ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the proposed Settlement Class and there is a well-defined community of

1  interest among members of the proposed Settlement Class with respect to the subject

2  matter of the litigation; (c) the claims of the representative of the Settlement Class,

3  Jessica Clark, and potential defenses thereto, are typical of the claims and defenses

4  thereto of the members of the proposed Settlement Class; (d) the representative of

5  the Settlement Class, Jessica Clark, will fairly and adequately protect the interests of

6  the Settlement Class; (e) the counsel of record for the representative of the

7  Settlement Class are qualified to serve as counsel for Jessica Clark in her own

8  capacity as well as in her representative capacity for the Settlement Class and have

9  no conflicts of interests with any Settlement Class member; (f) common issues of

10  fact and law predominate over individual issues; and (g) a class action is superior to

11  other available methods for an efficient adjudication of this controversy.

12       3.      For purposes of this Judgment, the Court hereby certifies the following

13  class for settlement purposes ("Settlement Class"):  All persons in the United States

14  to whom, on or after December 4, 2006, Stein Mart, Inc. provided an electronically

15  printed receipt at the point of a sale or transaction on which Stein Mart, Inc. printed

16  more than the last five digits of the person's credit card or debit card number and/or

17  printed the expiration date of the person's credit or debit card.

18       4.      The Court hereby appoints Plaintiff Jessica Clark as representative for

19  the Settlement Class, and appoints Chant Yedalian and Douglas A. Linde of The

20  Linde Law Firm as Class Counsel.

21       5.      The Court finds the Stipulation of Settlement was the product of

22  serious, informed, non-collusive negotiations conducted at arm's length by the

23  Parties in the presence of the Court during two Settlement Conferences.  In making

24  these findings, the Court considered, among other factors, the total potential

25  statutory damages claimed in this Action on behalf of Plaintiff and members of the

26  Settlement Class, Defendant's potential liability, the risks of continued litigation,

27  including but not limited to a new law entitled The Credit and Debit Card Receipt

28  Clarification Act of 2007 (which was enacted after the Court granted preliminary

ORDER GRANTING FINAL APPROVAL OF SETTLEMENT OF CLASS ACTION AND JUDGMENT THEREON

approval of the Settlement), the equitable relief provided by the Settlement, the up to approximately $390 million worth of discounts which will be made available to Settlement Class members and the general public as part of the Settlement, and the fact that the proposed Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial.  The Court further finds that the terms of the Stipulation of Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual member of the Settlement Class.  The Court also finds that settlement at this time results in substantial benefits to the Settlement Class and will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of this Action.

6.      Notice of Settlement (Exhibits B, C, D and E to the Stipulation of Settlement) and the Opt-Out Form (Exhibit F to the Stipulation of Settlement) directed to the Settlement Class members, as set forth in the Stipulation of Settlement, has been completed in conformity with the Court's preliminary approval Order of May 21, 2008.  Distribution of the notice of Settlement and the Opt-Out Form was the best notice practicable under the circumstances and was in full compliance with the United States Constitution and the requirements of due process. The Court further finds that the notice (Exhibits B, C, D and E to the Stipulation of Settlement) fully and accurately informed Settlement Class members of all material elements of the proposed class action Settlement, of each member's right to be excluded from the Settlement Class, and each member's right and opportunity to object to the proposed class action Settlement.

7.      Two Hundred and Forty Settlement Class members have timely requested exclusion from the Settlement Class.

8.      All Settlement Class members who have not timely excluded themselves from the Settlement Class shall be bound by the releases set forth in the Stipulation of Settlement.

1    9.    To the extent permitted by law, all Settlement Class members who have

2 not timely excluded themselves from the Settlement Class are permanently barred

3 and enjoined from asserting against the Defendant any claims released in the

4 Stipulation of Settlement.

5    10.    Based upon the agreement of the Parties and as hereby ordered by the

6 Court:  Stein Mart, Inc. shall not print more than the last five digits of the credit or

7 debit card number nor the credit or debit card expiration date upon any receipt

8 provided to any credit or debit cardholder at the point of any sale or transaction.

9 Not later than October 30, 2008, Stein Mart, Inc. shall implement a written company

10 policy, stating that it shall not print more than the last five digits of the credit or

11 debit card number nor the credit or debit card expiration date upon any receipt

12 provided to any credit or debit cardholder at the point of any sale or transaction.

13    11.    If a change in law occurs which impairs or impedes Stein Mart, Inc.'s

14 ability to lawfully implement its obligations set forth in paragraph 10 above, the

15 Parties reserve the right to seek declaratory or other relief from this Court, including

16 modification of Judgment pursuant to Rule 60.

17    12.    The Court hereby awards Class Counsel reasonable attorneys' fees and

18 costs in the amount of $150,000 to be paid to Class Counsel by Stein Mart, Inc.

19    13.    The Court hereby awards Jessica Clark an enhancement fee in the

20 amount of $2,500 for her services as representative for the Settlement Class, to be

21 paid to her (care of Class Counsel) by Stein Mart, Inc.

22    14.    The Court directs Stein Mart, Inc. to distribute and/or cause to be

23 distributed the Settlement benefits as required by the Stipulation of Settlement,

24 including the new coupon of redemption filed on October 6, 2008.

25    15.    The Court hereby directs the Parties and the Settlement Administrator,

26 CPT Group, Inc., to effectuate all terms of the Settlement.

27    16.    The Court hereby dismisses the Action with prejudice pursuant to the

28 terms set forth in the Stipulation of Settlement.  Each of the Parties is to bear their

own costs except as expressly provided herein and/or in the Stipulation of Settlement.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection therewith.

The Clerk shall enter Judgment under the terms set forth herein.

Dated: <u>10-8-2008</u>                              <u>/s/ROSALYN M. CHAPMAN</u>
                                                 HON. ROSALYN M. CHAPMAN
                                                 United States Magistrate Judge

ORDER GRANTING FINAL APPROVAL OF SETTLEMENT OF CLASS ACTION AND JUDGMENT THEREON